IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSS F. KNOTHE,

                                                  OPINION AND ORDER

             Plaintiff,

                                                  17-cv-122-bbc

   v.

STEVE HELGESON, STEVE ANDERSON,
JOHN DOES 1-3, STEVEN JOSEPHSON, ABIGAIL DIETZ,
KIM NTIAMOAH, DR. ERIC STIRLING, DR. ADEYMEI FATOKI,
JOHN DOES 4-6, LA CROSSE COUNTY and
CORRECTIONAL HEALTHCARE COMPANIES, LLC,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ross F. Knothe is proceeding on claims that staff at the La Crosse County jail violated his rights under the Fourteenth Amendment when they denied him access to medications he needed for significant mental health problems, causing him to suffer seizures, requiring five days of hospitalization. In addition to claims against individual jail staff, plaintiff has asserted claims against defendants La Crosse County and the medical vendor at the jail, Correctional Healthcare Companies, LLC.

      Now before the court is defendant Correctional Healthcare Companies, LLC's motion to dismiss Count VII of the amended complaint, in which plaintiff asserts a claim of "respondeat superior" against Correctional Healthcare. Dkt. #35. As Correctional Healthcare correctly points out, plaintiff's respondeat superior claim is foreclosed by circuit precedent. As the Court of Appeals for the Seventh Circuit has held repeatedly,

1

"[r]espondeat superior liability does not apply to private corporations under § 1983." Shields v. Illinois Dept. of Corrections, 746 F.3d 782, 789 (7th Cir. 2014). See also Collins v. Al-Shami, 851 F.3d 727, 734 (7th Cir. 2017) ("Under existing precedent, neither public nor private entities may be held vicariously liable under § 1983.") In his opposition brief, plaintiff concedes that his respondeat superior claim is barred under current law, but he argues that he included the claim in his amended complaint so that he could argue for a change in the law and to preserve the claim for appeal.

By including the claim in his amended complaint, plaintiff has preserved the issue for appeal. However, because this court is bound by the Court of Appeals for the Seventh Circuit, plaintiff cannot succeed on his respondeat superior claim in this court. Therefore, I will grant the motion to dismiss Count VII of the amended complaint.

ORDER

IT IS ORDERED that defendant Correctional Healthcare Companies, LLC's motion to dismiss Count VII of the amended complaint, dkt. #35, is GRANTED.

Entered this 13th day of November 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge